IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50601
_____


ELEANOR TAYLOR,                                Plaintiff-Appellant,

versus

MCLENNAN COMMUNITY COLLEGE, DENNIS MICHAELS, Dr.,
DEBORAH GARRETT, Dr., RICHARD CORONADO, Mr.,
MIKE JONES, Mr.,

                                               Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-94-CV-288)
_____

June 26, 1996

Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Eleanor Taylor ("Taylor") appeals the district court's grant of Defendants-Appellees' motions for summary judgment and dismissal of Taylor's claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, Title VII, and Texas state claims of intentional infliction of mental anguish and section 451.001 of the Texas Labor Code. After considering the parties' briefs and argument, and

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

after reviewing the record on appeal, we affirm substantially on the basis of the district court's thorough and well-documented findings of fact and conclusions of law.

Specifically, we find that summary judgment is appropriate for the following reasons:

1. <u>Race Discrimination and Retaliation</u>: Taylor fails to demonstrate that Defendants-Appellees' proffered reasons for her termination are pretextual.

2. <u>Sex Discrimination</u>: Taylor fails to establish a *prima facie* case because she was replaced by another female, and she fails to show that Defendants-Appellees' articulated reasons for her termination are pretextual.

3. <u>First Amendment Free Speech</u>: Taylor's complaints were not of "public concern," but were personal in nature and not intended to protect the public interest of discrimination free work places. Moreover, Taylor's speech interest is outweighed by Defendants-Appellees' interest in efficient management. Finally, Taylor fails to establish a causal connection between her termination and her speech.

4. <u>Due Process</u>: Taylor fails to establish a liberty interest because her allegations do not rise to the level of creating a "badge of infamy," which would destroy her ability to obtain other employment. Furthermore, the evidence establishes that Taylor received sufficient notice of the reasons for her

termination, and that she did not request a post-termination hearing.

5. <u>Workers' Compensation</u>: Taylor fails to demonstrate a causal link between her filing of a workers' compensation claim for inhalation of toxic fumes and her termination. Several other employees filed claims for the same incident and were not terminated.

6. <u>Intentional Infliction of Emotional Distress</u>: Taylor's allegations are not "extreme and outrageous," for they occurred entirely within a normal employment dispute. Thus, Taylor failed to prove an element of intentional infliction of emotional distress under Texas law.

Accordingly, the judgment of the district court is AFFIRMED.